IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

BILLY TYLER,

    Plaintiff,

vs.

TERESA HUNTER, "Family" (Family) Housing Advisory Services;

    Defendant.

8:23CV329

MEMORANDUM AND ORDER

Plaintiff Billy Tyler filed a pro se Complaint on July 31, 2023.  Filing No. 1.  Plaintiff was granted leave to proceed in forma pauperis.  Filing No. 5.

The Court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).  For the reasons set forth below, the Court finds that Plaintiff's Complaint is appropriate for summary dismissal, but in lieu of dismissal the Court *sua sponte* shall grant Plaintiff leave to amend.

### I. SUMMARY OF COMPLAINT

Plaintiff brings this "civil action" under the "Klu Klux Klan Act of 1871," which the Court construes Plaintiff's Complaint as being brought pursuant to 42 U.S.C. § 1983, alleging claims against "Theresa Hunter" of "Family Housing Advisory Services" as the sole defendant.  The entirety of Plaintiff's Complaint reads as follows:

> Defendant oversee Covid $$ program and denied us due process [and] equal protection of law when she terminates us from help federal money

Xmas 2022 sans notice [and] hearing due process of any kind and. We pray $500,000,000.00 damages and whatever the Court deems just.

Filing No. 1 at 1.

## II. APPLICABLE STANDARDS ON INIITAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999) ). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

Plaintiff brings his claims under 42 U.S.C. § 1983.[1] Filing No. 1 at 1. For the reasons set forth below, his claims under either basis cannot proceed as currently pleaded.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The Supreme Court has developed four principles to analyze claims of state action. Specifically, the principles are (1) whether there exists a "symbiotic relationship" between the entity and the state; (2) whether there is "extensive regulation" of the entity by the state; (3) whether the entity "depended on the State for funds"; and (4) whether the entity "performs a public function." *Rendell–Baker,* 457 U.S. 830, 840–42 (1982).

A private party is considered a state actor if the alleged deprivation was "caused by the exercise of some right or privilege created by the [s]tate or by a rule of conduct imposed by the state or by a person for whom the [s]tate is responsible." *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1982). A state's "[m]ere approval of or

---

[1] In addition to his own claims, it appears Plaintiff may seek to bring claims on behalf of another party. *See* Filing No. 1 at 1 ("[defendant denied *us* due process [and] equal protection of law when she terminates *us* from help federal money) (emphasis added). However, as a general rule, a plaintiff must assert only his legal rights or interests and not "the legal rights or interests of third parties." *Jones v. Nebraska*, No. 4:11CV3107, 2011 WL 4711919, at *2 (D. Neb. Oct. 6, 2011) (citing *Warth v. Seldin*, 422 U.S. 490, 498–99 (1975)). "Moreover, a non-attorney pro se litigant may not represent someone else in federal court." *Id.* (citing 28 U.S.C. § 1654; *Iannacone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) (concluding a non-attorney pro se party may not represent another's interests)). As such, to the extent Plaintiff seeks to bring claims on behalf of another, those claims must be dismissed.

acquiescence in the initiatives of a private party" does not amount to state action. *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982).

Moreover, Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Twombly,* 550 U.S. at 555).

In view of the facts before the Court, Plaintiff has not presented sufficient information to establish that defendant Teresa Hunter ("Defendant") was acting under color of law, or that her believed employer Family Housing Advisory Services, a registered private domestic nonprofit corporation,[2] is a state actor for purposes of Section 1983.[3] While Plaintiff complains that Defendant oversaw program disbursing money from presumably governmental COVID-19 relief programs, Plaintiff's Complaint does not provide enough information to establish that Defendant's actions constitute state action, which is required for this matter to proceed here as pleaded.

Here, as pleaded Plaintiffs' Complaint fails to meet this minimal pleading standard as Plaintiff appears to conclude violations of equal protection and due process have

---

[2] *See* Nebraska Secretary of State, CORPORATE & BUSINESS SEARCH, *available at* https://www.nebraska.gov/sos/corp/corpsearch.cgi?acct-number=0245968 (last accessed Oct. 25, 2023).

[3] If Defendant is indeed a state actor, Plaintiff also fails to indicate whether he sues Defendant in her individual or official capacity. As Eighth Circuit precedent requires the Court to construe Plaintiff's Complaint to state official capacity claims only if there is no express statement that public officials are being sued in their individual capacity, *see Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999), as pleaded the Court must construe Plaintiff's claims against Defendant in her official capacity only, to the extent she was acting under color of law.

occurred[4] but does not provide the requisite factual support for those claims to proceed. For example, to state a class-of-one equal protection claim,[5] a plaintiff must show that a defendant intentionally treated them differently from others who are similarly situated and that no rational basis existed for the dissimilar treatment. See *Mathers v. Wright,* 636 F.3d 396, 399–400 (8th Cir.2011) (citations omitted). However, Plaintiff supplies no facts supporting that his treatment by Defendant was different to her treatment of other similarly situated persons. Similarly, while stating a claim under the Due Process Clause requires a plaintiff to demonstrate "(1) a cognizable property interest; (2) a deprivation of that interest and (3) a denial of due process," *Walters v. Weiss*, 349 F. Supp. 2d 1160, 1167 (E.D. Ark. 2003), *aff'd*, 392 F.3d 306 (8th Cir. 2004), Plaintiff does not identify a state or federal law which confers a "legitimate claim of entitlement" to the COVID-19 disbursement. *Id.*

While these deficiencies all render summary dismissal of Plaintiff's Complaint appropriate under 28 U.S.C. § 1915(e)(2), on the Court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently describes his claims against the Defendant. *Plaintiff should be mindful to clearly explain why the Defendant meets the required "color of law" standard, as well as what Defendant did to him, when Defendant did it, how each of Defendant's actions harmed him, and what specific legal rights Plaintiff believes Defendant violated.*

---

[4] Such conclusory statements do not meet Rule 8 pleading standards as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Wit v. City of Lincoln, Nebraska*, No. 4:19CV3006, 2019 WL 1459054, at *3 (D. Neb. Apr. 2, 2019) (citing *Iqbal*, 556 U.S. at 678).

[5] "A cause of action on behalf of a 'class of one' [arises] where the plaintiff did not allege membership in a class or a group." *Vill. of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000) (per curiam).

If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, his claims against Defendant will be dismissed without prejudice and without further notice. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after he addresses the matters set forth in this Memorandum and Order.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until 30 days from the date of this Memorandum and Order to file an amended complaint that alleges a jurisdictional basis for this Court to retain this case against defendant.

2. If Plaintiff decides to proceed and file an amended complaint he must: Clearly state a claim or claims upon which relief may be granted against defendant in accordance with this Memorandum and Order including allegations addressing the "color of law" standard.

3. If Plaintiff fails to file an amended complaint or otherwise respond to this order, Plaintiff's claims against Defendant will be dismissed without prejudice and without further notice.

4. The Clerk's Office is directed to set a pro se case management deadline in this case using the following text: **November 27, 2023:** Check for amended complaint.

Dated this 26th day of October, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge